**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SAMUEL CALDERON<br>5315 Twin Creeks Drive<br>Valrico, FL 33596,<br><br>individually and on behalf of other<br>similarly situated individuals,<br><br>PLAINTIFFS,<br><br>v.<br><br>GEICO General Insurance Company<br>5260 Western Ave.<br>Chevy Chase, MD, 20815<br>(Montgomery County),<br><br>GEICO Corporation<br>5260 Western Ave.<br>Washington, DC, 20015,<br><br>GEICO Indemnity Company<br>5260 Western Ave.<br>Chevy Chase, MD, 20815<br>(Montgomery County),<br><br>GEICO Casualty Company<br>5260 Western Ave.<br>Chevy Chase, MD, 20815<br>(Montgomery County), and<br><br>DOES 1-10,<br><br>DEFENDANTS. | Civil Action No.:<br><br><br><br><br><br><br>COLLECTIVE ACTION COMPLAINT<br>(JURY TRIAL DEMANDED) |

Plaintiff Samuel Calderon, individually and on behalf of other similarly situated individuals, for his Complaint against Defendants GEICO Corporation, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company (collectively referred to herein as "Defendants"), states as follows:

## PRELIMINARY STATEMENT

1.   This is a collective action brought by named Plaintiff Samuel Calderon ("Calderon") for unpaid overtime wages on behalf of himself and on behalf of the proposed class identified below.  Plaintiff and the putative class members were or are employed by Defendants and certain Doe Defendants, or their predecessors-in-interest, as Senior Security Investigators, Lead Security Investigators or some similar title ("Security Investigators").  As Security Investigators, Plaintiff and the putative class members are or were covered, non-exempt employees under federal wage and hour laws, and are entitled to overtime pay consistent with the requirements of these laws.  These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

2.   The Collective Class is made of all persons who are or have been employed by Defendants as Security Investigators at any time within the United States (exclusive of California) within three years prior to this action's filing date, through the date of disposition of this action ("the Collective Class Period").

3.   During the Collective Class Period, Defendants failed to pay appropriate compensation, including overtime compensation, to each member of the Collective Class as required by federal law.  Plaintiff seeks relief for the Collective Class under the Fair Labor Standards Act.  All of the relief sought is to remedy Defendants' failure to pay all wages due, to

pay appropriate overtime compensation, and to maintain accurate time records, in addition to injunctive relief.

**PARTIES**

4. Individual and representative Plaintiff Samuel Calderon resides in Hillsborough County, Florida. Upon information and belief, Plaintiff Calderon was employed by Defendants from approximately March 17, 2008 to July 9, 2010 as a Senior Security Investigator covering the area surrounding and including Tampa, Florida. Plaintiff Calderon brings his claim on behalf of himself and the Collective Class.

5. Upon information and belief, Defendant GEICO General Insurance Company ("GEICO General") is a domestic corporation, and an affiliate or subsidiary of Defendant GEICO Corporation. Upon information and belief, GEICO General's headquarters are in Montgomery County, Maryland and it does business and maintains offices in states throughout the United States.

6. Upon information and belief, Defendant GEICO Corporation is a foreign corporation doing business, and maintaining offices (upon information and belief through its subsidiaries and affiliates) in numerous locations across the country including the State of Maryland.

7. Upon information and belief, Defendant GEICO Indemnity Company ("GEICO Indemnity") is a domestic corporation, and an affiliate or subsidiary of Defendant GEICO Corporation. Upon information and belief, GEICO Indemnity's headquarters are in Montgomery County, Maryland and it does business and maintains offices in states throughout the United States.

8. Upon information and belief, Defendant GEICO Casualty Company ("GEICO Casualty") is a domestic corporation, and an affiliate or subsidiary of Defendant GEICO Corporation. Upon information and belief, GEICO Casualty's headquarters are in Montgomery County, Maryland and it does business and maintains offices in states throughout the United States.

9. Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Upon information and belief, each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

10. Plaintiff and the similarly situated employees are individuals who were, or are, employed by Defendants as Senior Security Investigators, Lead Security Investigators, or some similar title, working on insurance claims that involve potentially questionable, suspect, or fraudulent activity brought pursuant to policies of insurance owned and/or maintained by Defendants. Plaintiff and the Collective Class gathered and reported facts acquired during their investigations and reported such facts pursuant to Defendants' policies and guidelines to other claims personnel who, on information and belief, made all significant decisions regarding the claims.

## JURISDICTION

11. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action is being brought under the FLSA,

29 U.S.C. § 207 et seq.  Plaintiff Calderon has signed a consent form to join this lawsuit, attached hereto as **Exhibit A**.

12. Venue is proper in the United States District Court, District of Maryland pursuant to 28 U.S.C. § 1391, because Defendants individually or through affiliates maintain their principal places of business in the District of Maryland, conduct business in such District, and a substantial part of the events giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

> **Collective Class**: All persons who are or have been employed by Defendants with the job title of "Senior Security Investigator", "Lead Security Investigator"; or some similar title, who were classified as exempt, and therefore denied overtime compensation as required by federal wage and hour laws, at any time within the United States (exclusive of California) within three years prior to this action's filing date through the date of final disposition of this action.

14. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without overtime compensation.

15. Defendants' unlawful conduct has been widespread, repeated and consistent.

16. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay.

17. Upon information and belief, Defendants have been, or should have been, on notice that the primary duties of Plaintiff and the Collective Class do not allow for Defendants to classify them as exempt from the requirements of the FLSA.

18. Defendant's conduct was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

19. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  Upon information and belief, there are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CAUSE OF ACTION

**Failure to Pay Overtime Compensation in Violation of the
Fair Labor Standards Act
(On Behalf of the FLSA Collective Class)**

20. Plaintiff, on behalf of himself and the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

21. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent form is attached hereto as **Exhibit A**.  Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

22. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

23. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

24. During their employment with Defendants, within the applicable statutory period, Plaintiff and the other Collective Class members worked in excess of forty (40) hours per week.

Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing or reckless violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked as well as those in excess of forty per week.

25. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine such employees' wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27. Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of their respective unpaid compensation, including overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

28. Plaintiff, on behalf of himself and the Collective Class, seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

29. WHEREFORE, Plaintiff Calderon, on behalf of himself and all employees similarly situated who join in this action prays for the following relief:

    a. Designation of this action as a collective action on behalf of the FLSA Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. That Defendants are found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

c. Judgment against Defendants for an amount equal to Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

d. That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

e. That Defendants' violations as described above are found to be willful;

f. An award to Plaintiff and the Collective Class for the amount of unpaid wages owed, liquidated damages and penalties where provided by federal law, and interest thereon, subject to proof at trial;

g. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216;

h. An award of prejudgment interest;

i. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

j. Leave to amend to add claims under applicable state laws; and

k. For such further relief as the Court deems just and equitable.

Dated: July 19, 2010

*/s/ Sundeep Hora*

_____
**ALDERMAN, DEVORSETZ & HORA PLLC**
Sundeep Hora, MD State Bar No. 28208
1025 Connecticut Avenue NW, Suite 615
Washington, DC 20036
Telephone (202) 969-8220
Facsimile (202) 969-8224
shora@adhlawfirm.com

**NICHOLS KASTER, PLLP**
Paul J. Lukas, MN State Bar No. 22084X
(*pro hac vice* application forthcoming)
Matthew H. Morgan, MN State Bar No. 304657
(*pro hac vice* application forthcoming)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Facsimile (612) 215-6870
lukas@nka.com
morgan@nka.com

ATTORNEYS FOR PLAINTIFFS