EXHIBIT 3

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

     Plaintiffs,

v.

GEICO General Insurance
Company, et al.,

     Defendants.

**DECLARATION OF THOMAS
BRADY**

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance

Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty

Company (collectively referred to as "GEICO").  I am over the age of 18 and competent

to testify about the matters set forth in this Declaration.  I submit this Declaration in

support of Plaintiffs' Motion for Conditional Class Certification.

2.    I have been employed as a Senior Security Investigator ("Investigator")

with GEICO from approximately January 1997 until present.  I report to the Lakeland,

Florida Regional Office and I am assigned to the Miami, Florida Unit.  Approximately

six other Investigators also report to the Miami Unit.

3.    As an Investigator, I am paid an annual salary.

4.    I work under and report to a Special Investigations Unit ("SIU") Supervisor

who, in turn, reports to the SIU Manager who, in turn, reports to the SIU Director and

also to the GEICO Regional Vice President for the state of Florida.

5.     At the beginning of my employment, as part of my training, I met with my supervisor in order to learn the GEICO computer system. I also met with other GEICO Investigators to obtain hands on training. I believe that all new Investigators are required to attend this type of training.

6.     As an Investigator, I am required to investigate claims involving questionable, suspect, or fraudulent activity. I investigate all (auto, casualty, property, theft, staged accident) claims as they are assigned to me.

7.     I do not have the authority to decide which claims are referred to me. I do not have the authority to decide whether to investigate a new referral. If I do not believe the file is appropriate for SIU involvement, I first speak with the claims examiner about the claim. If, after this conversation, I still do not believe the file is appropriate for SIU involvement, I have to advise my supervisor so that he/she can follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.     To conduct my investigations, I often work in the field, interviewing witnesses, obtaining statements, and taking photographs. On occasion, I work with agents from the National Insurance Crime Bureau or local law enforcement. If I want to use a private investigator or some other vendor in my investigations, I am required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.     I am required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation is closed. These reports detail my findings and should convey facts only. I am not allowed to make the decision

2

to pay or deny a claim, or whether further investigation or an examination under oath is needed. Instead, I just report the facts.

10.    Upon completion of all final reports my supervisor reviews each report and assigns a grade between one and five.  If my supervisor determines that there are additional investigative steps which need to be taken at that phase of the investigation, he/she returns the report to me with further instructions.  The claims examiner receives my final report only after it is reviewed and approved by my supervisor.

11.    As an Investigator, I routinely work over 40 hours per week. In addition to my day-to-day activities, which alone cause me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increase the number of overtime hours I work.  I do not receive any overtime compensation for any of those hours.

12.    I believe that other Investigators in my region also regularly work over 40 hours per week.  I understand that these Investigators do not receive any overtime compensation for any of those hours.

13.    I understand that Defendant has a company-wide policy, exclusive of California, of not paying Investigators overtime compensation because we were classified as "exempt" employees.  I understand that such policy affects Investigators all across the country with the exception of California.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct.

_10/17/2010_
Date

Thomas Brady

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

     Plaintiffs,

v.

                            **DECLARATION OF SAMUEL**
                                 **CALDERON**

GEICO General Insurance
Company, et al.,

     Defendants.

---

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance

Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty

Company (collectively referred to as "GEICO"). I am over the age of 18 and competent

to testify about the matters set forth in this Declaration. I submit this Declaration in

support of Plaintiffs' Motion for Conditional Class Certification.

2.    I was employed as a Senior Security Investigator ("Investigator") with

GEICO from approximately March 2008 until June 2010. I reported to the Lakeland,

Florida Regional Office and I was assigned to the Tampa, Florida Unit. Approximately

four other Investigators also reported to the Tampa Unit.

3.    As an Investigator, I was paid an annual salary.

4.    I worked under and reported to a Special Investigations Unit ("SIU")

Supervisor who, in turn, reported to the SIU Manager who, in turn, reported to the SIU

Director and also to the GEICO Regional Vice President for the state of Florida.

5.    At the beginning of my employment, as part of my training, I attended a "GEICO 101" training session at which I viewed a video of GEICO's CEO and I also met with personnel from the human resources department. During my training period I also met with my supervisor in order to learn the GEICO computer system. I also met with other GEICO Investigators to obtain hands on training. I believe that all new Investigators are required to attend this type of training.

6.    As an Investigator, I was required to investigate claims involving questionable, suspect, or fraudulent activity. I investigated all (auto, casualty, property, theft, staged accident) claims as they were assigned to me.

7.    I did not have the authority to decide which claims were referred to me. I did not have the authority to decide whether to investigate a new referral. If I did not believe the file was appropriate for SIU involvement, I first spoke with the claims examiner about the claim. If, after this conversation, I still did not believe the file was appropriate for SIU involvement, I had to advise my supervisor so that he/she could follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.    To conduct my investigations, I often worked in the field, interviewing witnesses, obtaining statements, and taking photographs. On occasion, I worked with agents from the National Insurance Crime Bureau or local law enforcement. If I wanted to use a private investigator or some other vendor in my investigations, I was required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.    I was required to complete "pending reports" periodically throughout each investigation as well a "final report" when the investigation was closed. These reports

2

detailed my findings and should convey facts only.  I was not allowed to make the decision to pay or deny a claim, or whether further investigation or an examination under oath was needed. Instead, I just reported the facts.

10.    Upon completion of all pending and final reports, my supervisor reviewed each draft report and assigned each a grade between one and five.  If my supervisor determined that there were additional investigative steps which needed to be taken at that phase of the investigation, he/she returned the report to me with further instructions.  The claims examiner received my final report only after it was reviewed and approved by my supervisor.

11.    As an Investigator, I routinely worked over 40 hours per week. In addition to my day-to-day activities, which alone caused me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increased the number of overtime hours I worked.  I did not receive any overtime compensation for any of those hours.

12.    I believe that other Investigators in my region also regularly worked over 40 hours per week.  I understand that these Investigators did not receive any overtime compensation for any of those hours.

13.    I understand that Defendant has a company-wide policy, exclusive of California, of not paying Investigators overtime compensation because we were classified as "exempt" employees.  I understand that such policy affects Investigators all across the country with the exception of California.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

9/8/2010

Date

Samuel Calderon

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

     Plaintiffs,

v.

**DECLARATION OF MICHAEL
CREAMER**

GEICO General Insurance
Company, et al.,

     Defendants.

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty Company (collectively referred to as "GEICO"). I am over the age of 18 and competent to testify about the matters set forth in this Declaration. I submit this Declaration in support of Plaintiffs' Motion for Conditional Class Certification.

2.    I have been employed as a Senior Security Investigator ("Investigator") with GEICO from approximately July 1998 until present. I report to the Lakeland, Florida Regional Office and I am assigned to the Tampa, Florida Unit. Approximately four other Investigators also report to the Tampa Unit.

3.    As an Investigator, I am paid an annual salary.

4.    I work under and report to a Special Investigations Unit ("SIU") Supervisor who, in turn, reports to the SIU Manager who, in turn. reports to the SIU Director and also to the GEICO Regional Vice President for the state of Florida.

5.    At the beginning of my employment, as part of my training, I attended a "GEICO 101" training session at which I viewed a video of GEICO's CEO and I also met with personnel from the human resources department.   During my training period I also met with other GEICO Investigators to obtain hands on training. I believe that all new Investigators are required to attend this type of training.

6.    As an Investigator, I am required to investigate claims involving questionable, suspect, or fraudulent activity.   I investigate all (auto, casualty, property, theft, staged accident) claims as they are assigned to me.

7.    I do not have the authority to decide which claims are referred to me. I do not have the authority to decide whether to investigate a new referral.  If I do not believe the file is appropriate for SIU involvement, I first speak with the claims examiner about the claim.  If, after this conversation, I still do not believe the file is appropriate for SIU involvement, I have to advise my supervisor so that he/she can follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.    To conduct my investigations, I often work in the field, interviewing witnesses, obtaining statements, and taking photographs.   On occasion, I work with agents from the National Insurance Crime Bureau or local law enforcement.  If I want to use a private investigator or some other vendor in my investigations, I am required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.    I am required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation is closed.  These reports detail my findings and should convey facts only.  I am not allowed to make the decision

2

to pay or deny a claim, or whether further investigation or an examination under oath is needed. Instead, I just report the facts.

10.     Upon completion of all pending and final reports my supervisor reviews each report and assigns a grade between one and five on the final report. If my supervisor determines that there are additional investigative steps which need to be taken, he/she returns the report to me with further instructions. The claims examiner receives my final report only after it is reviewed and approved by my supervisor.

11.     As an Investigator, I routinely work over 40 hours per week. In addition to my day-to-day activities, which alone cause me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increase the number of overtime hours I work. I do not receive any overtime compensation for any of those hours.

12.     I believe that other Investigators in my region also regularly work over 40 hours per week. I understand that these Investigators do not receive any overtime compensation for any of those hours.

13.     I understand that Defendant has a company-wide policy, exclusive of California, of not paying Investigators overtime compensation because we are classified as "exempt" employees. I understand that such policy affects Investigators all across the country with the exception of California.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

_10/09/10_
Date

Michael Creamer

4

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

      Plaintiffs,

v.

                             **DECLARATION OF ROBERT**
                                  **DEMARTINO**

GEICO General Insurance
Company, et al.,

      Defendants.

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty Company (collectively referred to as "GEICO"). I am over the age of 18 and competent to testify about the matters set forth in this Declaration. I submit this Declaration in support of Plaintiffs' Motion for Conditional Class Certification.

2.    I was employed as a Senior Security Investigator ("Investigator") with GEICO from approximately June 1996 until October 2000 and from approximately March 2009 until August 2009. During my time as an Investigator, I reported to the Woodbury, New York Regional Office. Approximately forty-five (45) other Investigators also reported to the Woodbury Regional Office.

3.    As an Investigator, I was paid an annual salary.

4.    I worked under and reported directly to a Special Investigations Unit ("SIU") Manager who, in turn, reported to the SIU Director and also to the GEICO Regional Vice President for the state of New York.

5.      At the beginning of my employment, as part of my training, I attended a "GEICO 101" training session at which I viewed a video of GEICO's CEO and I also met with personnel from the human resources department.  During my training period I also met with other GEICO Investigators to obtain hands on training. I believe that all new Investigators are required to attend this type of training.

6.      As an Investigator, I was required to investigate claims involving questionable, suspect, or fraudulent activity.  I investigated all claims (auto, casualty, property, theft, staged accident) claims as they were assigned to me.

7.      I did not have the authority to decide which claims were referred to me.  I did not have the authority to decide whether to investigate a new referral.  If I did not believe the file was appropriate for SIU involvement, I first spoke with the claims examiner about the claim.  If, after this conversation, I still did not believe the file was appropriate for SIU involvement, I had to advise my supervisor so that he/she could follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.      To conduct my investigations, I often worked in the field, interviewing witnesses, obtaining statements, and taking photographs.  On occasion, I worked with agents from the National Insurance Crime Bureau or local law enforcement.  If I wanted to use a private investigator or some other vendor in my investigations, I was required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.      I was required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation was closed.  These reports detailed my findings and should convey facts only.  I was not allowed to make the

2

decision to pay or deny a claim, or whether further investigation or an examination under oath was needed. Instead, I just reported the facts.

10.     Upon completion of all pending and final reports, my supervisor reviewed each draft report and assigned each a grade between one and five. If my supervisor determined that there were additional investigative steps which needed to be taken at that phase of the investigation, he/she returned the report to me with further instructions. The claims examiner received my final report only after it was reviewed and approved by my supervisor.

11.     As an Investigator, I routinely worked over 40 hours per week. In addition to my day-to-day activities, which alone caused me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increased the number of overtime hours I worked. I did not receive any overtime compensation for any of those hours.

12.     I believe that other Investigators in my region also regularly worked over 40 hours per week. I understand that these Investigators did not receive any overtime compensation for any of those hours.

13.     I understand that Defendant has a company-wide policy, exclusive of California, of not paying Investigators overtime compensation because we were classified as "exempt" employees. I understand that such policy affects Investigators all across the country with the exception of California.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

10/21/2010
Date

Robert DeMartino

4

REDACTED

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

     Plaintiffs,
v.

             **DECLARATION OF DANA
FERRIN**

GEICO General Insurance
Company, et al.,

     Defendants.

     1.     I am a Plaintiff in this action against Defendants GEICO General Insurance Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty Company (collectively referred to as "GEICO"). I am over the age of 18 and competent to testify about the matters set forth in this Declaration. I submit this Declaration in support of Plaintiffs' Motion for Conditional Class Certification.

     2.     I have been employed as a Security Investigator ("Investigator") with GEICO from approximately June 1999 until present. From approximately 1999 to 2001, I was employed as a Senior Security Investigator, and from approximately 2001 to present, I have been employed as a Lead Security Investigator. From approximately June 1999 to July 2006, I reported to the Los Angeles, California Regional Office. From approximately August 2006 to present, I have reported to the Lakeland, Florida Regional Office, and I am assigned to the Orlando, Florida Unit. Approximately six other Investigators also report to the Orlando Unit.

     3.     As an Investigator, I am paid an annual salary.

4.     I work under and report to a Special Investigations Unit ("SIU") Supervisor who, in turn, reports to the SIU Manager who, in turn, reports to the GEICO Regional Vice President for the state of Florida.

5.     At the beginning of my employment, as part of my training, I met with my supervisor in order to learn the GEICO computer system.  I also met with other GEICO Investigators to obtain hands on training. I believe that all new Investigators are required to attend this type of training.

6.     As an Investigator, I am required to investigate claims involving questionable, suspect, or fraudulent activity.  I investigate all (auto, casualty, property damage, theft, staged accident) claims as they are assigned to me.

7.     I do not have the authority to decide which claims are referred to me.  I do not have the authority to decide whether to investigate a new referral.  If I do not believe the file is appropriate for SIU involvement, I first speak with the claims examiner about the claim.  If, after this conversation, I still do not believe the file is appropriate for SIU involvement, I have to advise my supervisor so that he/she can follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.     To conduct my investigations, I often work in the field, interviewing witnesses, obtaining statements, and taking photographs.  On occasion, I work with agents from the National Insurance Crime Bureau or local law enforcement.  If I want to use a private investigator or some other vendor in my investigations, I am required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.     I am required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation is closed.  These reports detail my findings and should convey facts only.  I am not allowed to make the decision to pay or deny a claim, or whether further investigation or an examination under oath is needed. Instead, I just report the facts.

10.    Upon completion of all final reports my supervisor reviews each report and assigns a grade between one and five.  If my supervisor determines that there are additional investigative steps which need to be taken at that phase of the investigation, he/she returns the report to me with further instructions.  The claims examiner receives my final report only after it is reviewed and approved by my supervisor.

11.    As an Investigator, I routinely work over 40 hours per week. In addition to my day-to-day activities, which alone cause me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increase the number of overtime hours I work.  I do not receive any overtime compensation for any of those hours.

12.    I believe that other Investigators in my region also regularly work over 40 hours per week.  I understand that these Investigators do not receive any overtime compensation for any of those hours.

13.    I understand that Defendant has a company-wide policy, exclusive of California, of not paying Investigators overtime compensation because we were classified as "exempt" employees.  I understand that such policy affects Investigators all across the country with the exception of California.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

_10-18-10_
Date

_Dana Ferrin_
Dana Ferrin

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

      Plaintiffs,                          **DECLARATION OF JOHN**

v.                                       **HALLIDAY**

GEICO General Insurance
Company, et al.,

      Defendants.

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty Company (collectively referred to as "GEICO"). I am over the age of 18 and competent to testify about the matters set forth in this Declaration. I submit this Declaration in support of Plaintiffs' Motion for Conditional Class Certification.

2.    I was employed as a Security Investigator ("Investigator") with GEICO from approximately January 2002 until May 2008. From approximately January 2002 until March 2007, I was employed as a Senior Security Investigator. From approximately March 2007 until May 2008, I was employed as a Lead Security Investigator. I reported to the Lakeland, Florida Regional Office and I was assigned to the Tampa, Florida Unit. Approximately six other Investigators also reported to the Tampa Unit.

3.    As an Investigator, I was paid an annual salary.

4.     I worked under and reported to a Special Investigations Unit ("SIU") Supervisor who, in turn, reported to the SIU Manager who, in turn, reported to the SIU Director and also to the GEICO Regional Vice President for the state of Florida.

5.     At the beginning of my employment, as part of my training, I met with my supervisor in order to learn the GEICO computer system. I also met with other GEICO Investigators to obtain hands on training. I believe that all new Investigators are required to attend this type of training.

6.     As an Investigator, I was required to investigate claims involving questionable, suspect, or fraudulent activity. I investigated all (auto, casualty, property, theft, staged accident) claims as they were assigned to me.

7.     I did not have the authority to decide which claims were referred to me. I did not have the authority to decide whether to investigate a new referral. If I did not believe the file was appropriate for SIU involvement, I first spoke with the claims examiner about the claim. If, after this conversation, I still did not believe the file was appropriate for SIU involvement, I had to advise my supervisor so that he/she could follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.     To conduct my investigations, I often worked in the field, interviewing witnesses, obtaining statements, and taking photographs. On occasion, I worked with agents from the National Insurance Crime Bureau or local law enforcement. If I wanted to use a private investigator or some other vendor in my investigations, I was required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.     I was required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation was closed. These reports detailed my findings and should convey facts only. I was not allowed to make the decision to pay or deny a claim or whether further investigation or an examination under oath was needed. Instead, I just reported the facts.

10.     Upon completion of all pending and final reports, my supervisor reviewed each draft report and assigned each a grade between one and five. If my supervisor determined that there were additional investigative steps which needed to be taken at that phase of the investigation, he/she returned the report to me with further instructions. The claims examiner received my final report only after it was reviewed and approved by my supervisor.

11.     As an Investigator, I routinely worked over 40 hours per week. In addition to my day-to-day activities, which alone caused me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increased the number of overtime hours I worked. I did not receive any overtime compensation for any of those hours.

12.     I believe that other Investigators in my region also regularly worked over 40 hours per week. I understand that these Investigators did not receive any overtime compensation for any of those hours.

13.     I understand that Defendant has a company-wide policy of not paying Investigators overtime compensation because we were classified as "exempt" employees. I understand that such policy affects Investigators all across the country.

3

REDACTED

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

_10/20/10_
Date

John Halliday

4

UNITED STATES DISTRICT COURT
THE DISTRICT OF MARYLAND

---

Samuel Calderon individually and
on behalf of others similarly situated,

     Plaintiffs,

v.

**DECLARATION OF JAMES
HANSON**

GEICO General Insurance
Company, et al.,

     Defendants.

---

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty Company (collectively referred to as "GEICO"). I am over the age of 18 and competent to testify about the matters set forth in this Declaration. I submit this Declaration in support of Plaintiffs' Motion for Conditional Class Certification.

2.    I have been employed as a Senior Security Investigator ("Investigator") with GEICO from approximately September 2000 until present. I report to the Tucson, Arizona Regional Office. Approximately fourteen (14) other Investigators also report to the Tucson Regional Office.

3.    As an Investigator, I am paid an annual salary.

4.    I work under and report to a Special Investigations Unit ("SIU") Supervisor who, in turn, reports to the SIU Manager who, in turn, reports to the SIU Director.

5.    At the beginning of my employment, as part of my training, I attended a "GEICO 101" training session at which I viewed a video of GEICO's CEO and I also met

with personnel from the human resources department. During my training period I also met with my supervisor in order to learn the GEICO computer system. I believe that all new Investigators are required to attend this type of training.

6.     As an Investigator, I am required to investigate claims involving questionable, suspect, or fraudulent activity. I investigate all (auto, casualty, property, theft, staged accident) claims as they are assigned to me.

7.     I do not have the authority to decide which claims are referred to me. I do not have the authority to decide whether to investigate a new referral. If I do not believe the file is appropriate for SIU involvement, I first speak with the claims examiner about the claim. If, after this conversation, I still do not believe the file is appropriate for SIU involvement, I have to advise my supervisor so that he/she can follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.     To conduct my investigations, I often work in the field, interviewing witnesses, obtaining statements, and taking photographs. On occasion, I work with agents from the National Insurance Crime Bureau or local law enforcement. If I want to use a private investigator or some other vendor in my investigations, I am required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.     I am required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation is closed. These reports detail my findings and should convey facts only. I am not allowed to make the decision to pay or deny a claim, or whether further investigation or an examination under oath is needed. Instead, I just report the facts.

2

10.     Upon completion of all pending and final reports my supervisor reviews each draft and assigns each a grade between one and five.  If my supervisor determines that there are additional investigative steps which need to be taken at that phase of the investigation, he/she returns the report to me with further instructions.  The claims examiner receives my final report only after it is reviewed and approved by my supervisor.

11.     As an Investigator, I routinely work over 40 hours per week. In addition to my day-to-day activities, which alone cause me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increase the number of overtime hours I work.  I do not receive any overtime compensation for any of those hours.

12.     I believe that other Investigators in my region also regularly work over 40 hours per week.  I understand that these Investigators do not receive any overtime compensation for any of those hours.

13.     I understand that Defendant has a company-wide policy, exclusive of California, of not paying Investigators overtime compensation because we are classified as "exempt" employees.  I understand that such policy affects Investigators all across the country with the exception of California.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

$9-20-10$

Date

*James Hanson*

James Hanson

4

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

     Plaintiffs,

v.

GEICO General Insurance
Company, et al.,

     Defendants.

**DECLARATION OF MICHAEL
HEADLEY**

---

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance

Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty

Company (collectively referred to as "GEICO").  I am over the age of 18 and competent

to testify about the matters set forth in this Declaration.  I submit this Declaration in

support of Plaintiffs' Motion for Conditional Class Certification.

2.    I was employed as a Senior Security Investigator ("Investigator") with

GEICO from approximately August 2008 until May 2010.  I reported to the Lakeland,

Florida Regional Office and I was assigned to the Tampa, Florida Unit.  Approximately

four other Investigators also reported to the Tampa Unit.

3.    As an Investigator, I was paid an annual salary.

4.    I worked under and reported to a Special Investigations Unit ("SIU")

Supervisor who, in turn, reported to the SIU Manager who, in turn, reported to the SIU

Director and also to the GEICO Regional Vice President for the state of Florida.

5.    At the beginning of my employment, as part of my training, I attended a "GEICO 101" training session at which I viewed a video of GEICO's CEO and I also met with personnel from the human resources department.  During my training period I also met with my supervisor in order to learn the GEICO computer system.  I also met with other GIECO Investigators to obtain hands on training.  I believe that all new Investigators are required to attend this type of training.

6.    As an Investigator, I was required to investigate claims involving questionable, suspect, or fraudulent activity.  I investigated all (auto, casualty, property, theft, staged accident) claims as they were assigned to me.

7.    I did not have the authority to decide which claims were referred to me.  I did not have the authority to decide whether to investigate a new referral.  If I did not believe the file was appropriate for SIU involvement, I first spoke with the claims examiner about the claim.  If, after this conversation, I still did not believe the file was appropriate for SIU involvement, I had to advise my supervisor so that he/she could follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.    To conduct my investigations, I often worked in the field, interviewing witnesses, obtaining statements, and taking photographs.  On occasion, I worked with agents from the National Insurance Crime Bureau or local law enforcement.  If I wanted to use a private investigator or some other vendor in my investigations, I was required to obtain pre-approval from the both claims examiner to whom the claim was originally assigned and also my supervisor.

2

9.      I was required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation was closed. These reports detailed my findings and should convey facts only. I was not allowed to make the decision to pay or deny a claim, or whether further investigation or an examination under oath was needed. Instead, I just reported the facts.

10.     Upon completion of all pending and final reports, my supervisor reviewed each draft report and assigned each a grade between one and five. If my supervisor determined that there were additional investigative steps which needed to be taken at that phase of the investigation, he/she returned the report to me with further instructions. The claims examiner received my final report only after it was reviewed and approved by my supervisor.

11.     As an Investigator, I routinely worked over 40 hours per week. In addition to my day-to-day activities, which alone caused me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increased the number of overtime hours I worked. I did not receive any overtime compensation for any of those hours.

12.     I believe that other Investigators in my region also regularly worked over 40 hours per week. I understand that these Investigators did not receive any overtime compensation for any of those hours.

13.     I understand that Defendant has a company-wide policy of not paying Investigators overtime compensation because we were classified as "exempt" employees. I understand that such policy affects Investigators all across the country.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

9-3-2010
Date

Michael Headley

4

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

      Plaintiffs,

v.

GEICO General Insurance
Company, et al.,

      Defendants.

**DECLARATION OF AARON
KULSIC**

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance

Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty

Company (collectively referred to as "GEICO"). I am over the age of 18 and competent

to testify about the matters set forth in this Declaration. I submit this Declaration in

support of Plaintiffs' Motion for Conditional Class Certification.

2.    I have been employed as a Senior Security Investigator ("Investigator")

with GEICO from approximately April 2003 until present. I report to the Buffalo, New

York Regional Office. Approximately thirteen (13) other Investigators also report to the

Buffalo Regional Office.

3.    As an Investigator, I am paid an annual salary.

4.    I work under and report to a Special Investigations Unit ("SIU") Supervisor

who, in turn, reports to the SIU Manager who, in turn, reports to the SIU Director and

also to the GEICO Regional Vice President for the state of New York.

5.     At the beginning of my employment, as part of my training, I met with other GEICO Investigators to obtain hands on training. I believe that all new Investigators are required to attend this type of training.

6.     As an Investigator, I am required to investigate claims involving questionable, suspect, or fraudulent activity. I investigate all (auto, casualty, property, theft, staged accident) claims as they are assigned to me.

7.     I do not have the authority to decide which claims are referred to me. I do not have the authority to decide whether to investigate a new referral. If I do not believe the file is appropriate for SIU involvement, I first speak with the claims examiner about the claim. If, after this conversation, I still do not believe the file is appropriate for SIU involvement, I have to advise my supervisor so that he/she can follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.     To conduct my investigations, I often work in the field, interviewing witnesses, obtaining statements, and taking photographs. On occasion, I work with agents from the National Insurance Crime Bureau or local law enforcement. If I want to use a private investigator or some other vendor in my investigations, I am required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.     I am required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation is closed. These reports detail my findings and should convey facts only. I am not allowed to make the decision to pay or deny a claim, or whether further investigation or an examination under oath is needed. Instead, I just report the facts.

2

10.    Upon completion of all pending and final reports my supervisor reviews each draft report and assigns each a grade between one and five.  If my supervisor determines that there are additional investigative steps which need to be taken at that phase of the investigation, he/she returns the report to me with further instructions.  The claims examiner receives my final report only after it is reviewed and approved by my supervisor.

11.    As an Investigator, I routinely work over 40 hours per week.  In addition to my day-to-day activities, which alone cause me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increase the number of overtime hours I work.  I do not receive any overtime compensation for any of those hours.

12.    I believe that other Investigators in my region also regularly work over 40 hours per week.  I understand that these Investigators do not receive any overtime compensation for any of those hours.

13.    I understand that Defendant has a company-wide policy of not paying Investigators overtime compensation because we are classified as "exempt" employees.  I understand that such policy affects Investigators all across the country.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

9/7/2010
Date

Aaron Kulsic

3

# UNITED STATES DISTRICT COURT
# THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

      Plaintiffs,

v.

GEICO General Insurance
Company, et al.,

      Defendants.

**DECLARATION OF KENNETH
MILLER**

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty Company (collectively referred to as "GEICO"). I am over the age of 18 and competent to testify about the matters set forth in this Declaration. I submit this Declaration in support of Plaintiffs' Motion for Conditional Class Certification.

2.    I have been employed as a Senior Security Investigator ("Investigator") with GEICO from approximately August 2004 until present. I report to the Lakeland, Florida Regional Office and I am assigned to the Tampa, Florida Unit. Approximately four other Investigators also report to the Tampa Unit.

3.    As an Investigator, I am paid an annual salary.

4.    I work under and report to a Special Investigations Unit ("SIU") Supervisor who, in turn, reports to the SIU Manager who, in turn, reports to the SIU Director and also to the GEICO Regional Vice President for the state of Florida.

5.    At the beginning of my employment, as part of my training, I attended a "GEICO 101" training session at which I viewed a video of GEICO's CEO and I also met with personnel from the human resources department. During my training period I also met with my supervisor in order to learn the GEICO computer system. I also met with other GEICO Investigators to obtain hands on training. I believe that all new Investigators are required to attend this type of training.

6.    As an Investigator, I am required to investigate claims involving questionable, suspect, or fraudulent activity. I investigate all (auto, casualty, property, theft, staged accident) claims as they are assigned to me.

7.    I do not have the authority to decide which claims are referred to me. I do not have the authority to decide whether to investigate a new referral. If I do not believe the file is appropriate for SIU involvement, I first speak with the claims examiner about the claim. If, after this conversation, I still do not believe the file is appropriate for SIU involvement, I have to advise my supervisor so that he/she can follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.    To conduct my investigations, I often work in the field, interviewing witnesses, obtaining statements, and taking photographs. On occasion, I work with agents from the National Insurance Crime Bureau or local law enforcement. If I want to use a private investigator or some other vendor in my investigations, I am required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.    I am required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation is closed. These reports

2

detail my findings and should convey facts only. I am not allowed to make the decision to pay or deny a claim, or whether further investigation or an examination under oath is needed. Instead, I just report the facts.

10.     Upon completion of all final reports my supervisor reviews each report and assigns a grade between one and five. If my supervisor determines that there are additional investigative steps which need to be taken at that phase of the investigation, he/she returns the report to me with further instructions. The claims examiner receives my final report only after it is reviewed and approved by my supervisor.

11.     As an Investigator, I routinely work over 40 hours per week. In addition to my day-to-day activities, which alone cause me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increase the number of overtime hours I work. I do not receive any overtime compensation for any of those hours.

12.     I believe that other Investigators in my region also regularly work over 40 hours per week. I understand that these Investigators do not receive any overtime compensation for any of those hours.

13.     I understand that Defendant has a company-wide policy of not paying Investigators overtime compensation because we are classified as "exempt" employees. I understand that such policy affects Investigators all across the country.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

_10-17-10_
Date

Kenneth Miller

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND

Samuel Calderon individually and
on behalf of others similarly situated,

     Plaintiffs,

v.

GEICO General Insurance
Company, et al.,

     Defendants.

**DECLARATION OF GEORGE
WOOD**

1.    I am a Plaintiff in this action against Defendants GEICO General Insurance

Company, GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty

Company (collectively referred to as "GEICO").  I am over the age of 18 and competent

to testify about the matters set forth in this Declaration.  I submit this Declaration in

support of Plaintiffs' Motion for Conditional Class Certification.

2.    I was employed as a Senior Security Investigator ("Investigator") with

GEICO from approximately December 1997 until January 2010.  I reported to the

Woodbury, New York Regional Office.  Approximately forty-five (45) other

Investigators also reported to the Woodbury Regional Office.

3.    As an Investigator, I was paid an annual salary.

4.    I worked under and reported to a Special Investigations Unit ("SIU")

Supervisor who, in turn, reported to the SIU Manager who, in turn, reported to the SIU

Director and also to the GEICO Regional Vice President for the state of New York.

5.     At the beginning of my employment, as part of my training, I attended a "GEICO 101" training session at which I viewed a video of GEICO's CEO and I also met with personnel from the human resources department.  During my training period I also met with my supervisor and other GEICO Investigators to obtain hands on training.  I believe that all new Investigators are required to attend this type of training.

6.     As an Investigator, I was required to investigate claims involving questionable, suspect, or fraudulent activity.  I investigated all (auto, casualty, property, theft, staged accident, medical fraud) claims as they were assigned to me.

7.     I did not have the authority to decide which claims were referred to me.  I did not have the authority to decide whether to investigate a new referral.  If I did not believe the file was appropriate for SIU involvement, I first spoke with the claims examiner about the claim.  If, after this conversation, I still did not believe the file was appropriate for SIU involvement, I had to advise my supervisor so that he/she could follow up with the claims department and make a decision to keep it and investigate the claim or remove it from the system.

8.     To conduct my investigations, I often worked in the field, interviewing witnesses, obtaining statements, and taking photographs.  On occasion, I worked with agents from the National Insurance Crime Bureau or local law enforcement.  If I wanted to use a private investigator or some other vendor in my investigations, I was required to obtain pre-approval from the claims examiner to whom the claim was originally assigned.

9.     I was required to complete "pending reports" periodically throughout each investigation as well as a "final report" when the investigation was closed.  These reports

detailed my findings and should convey facts only.  I was not allowed to make the decision to pay or deny a claim. Instead, I just reported the facts.

10.    Upon completion of all pending and final reports, my supervisor reviewed each report and assigned a grade between one and five.  If my supervisor determined that there were additional investigative steps which needed to be taken at that phase of the investigation, he/she returned the report to me with further instructions.  The claims examiner received my final report only after it was reviewed and approved by my supervisor.

11.    As an Investigator, I routinely worked over 40 hours per week. In addition to my day-to-day activities, which alone caused me to work in excess of 40 hours per week, completing the pending and final reports (detailed above) increased the number of overtime hours I worked.  I did not receive any overtime compensation for any of those hours.

12.    I believe that other Investigators in my region also regularly worked over 40 hours per week.  I understand that these Investigators did not receive any overtime compensation for any of those hours.

13.    I understand that Defendant has a company-wide policy of not paying Investigators overtime compensation because we were classified as "exempt" employees. I understand that such policy affects Investigators all across the country.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

September 20, 2010
Date

George Wood
George Wood

4