IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SAMUEL CALDERON**, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Case No.: RWT 10cv1958 |
| **GEICO GENERAL INSURANCE COMPANY,** *et al.* | * |
| Defendants. | * |

## MEMORANDUM OPINION

On July 19, 2010, Plaintiffs filed a one-count complaint on behalf of a collective class to recover overtime pay allegedly withheld by Defendants in violation of the Fair Labor Standard Act ("FLSA"). Doc. No. 1. Plaintiffs maintain that the position of Security Investigator was improperly classified by Defendants as exempt from overtime under the FLSA. Defendants filed their answer on August 10, 2010. Doc. No. 10. Plaintiffs moved for Conditional Certification and Judicial Notice pursuant to 29 U.S.C. § 216(b) on October 22, 2010. Doc. No. 23. This Court granted the motion on January 12, 2011. Doc. Nos. 31, 32. Plaintiffs' counsel mailed the court-approved judicial notice to the putative opt-in plaintiffs on January 26, 2011, and the notice period ended ninety days later on April 26, 2011. There are now forty-nine current and former Security Investigators participating in this case.

Following the close of the notice period, the parties filed a stipulation permitting Plaintiffs to amend the Complaint, Doc. No. 56, which this Court granted on June 1, 2011. Doc. No. 57. The Amended Complaint added a claim for overtime pay by opt-in Plaintiff Tom Fitzgerald under New York state law and sought certification of that claim as a class action pursuant to Federal

Rule of Civil Procedure 23. Doc. No. 56. Defendants answered the Amended Complaint on June 7, 2011. Doc. No. 58. On June 15, 2011, Plaintiffs filed a Motion to Certify Class Under Rule 23. Doc. No. 61. On September 12, 2011, Defendants filed their opposition, Doc. No. 63, to which Plaintiffs replied on September 26, 2011. Doc. No. 64. The Court held a hearing on the motion on January 30, 2012. For the reasons discussed below, this Court will grant Plaintiff's motion to certify the Rule 23 class.

**I.     Background**

On July 19, 2010, Plaintiff Samuel Calderon filed a collective action complaint alleging that, during his employment with GEICO in Florida as a Security Investigator, he was improperly classified as exempt from overtime pay under the Fair Labor Standards Act ("FLSA"). Doc. No. 1. Security Investigators are employed in eight regions across the country. Doc. No. 61 at 3. Outside of California, Defendants employ approximately 250 Security Investigators. *Id.* at 4. There are currently forty-nine plaintiffs, nine of whom work (or worked) in New York. *Id.*

The primary job of Security Investigators is to investigate insurance claims involving questionable, suspect, or fraudulent activities.[1] *Id.* They "review facts, gather information, and present that information so that the claims adjuster can make an informed decision on how to handle a claim." *Id.* The investigatory process involves an administratively regulated four-step procedure: (1) receive an assignment, (2) create a plan of action, (3) gather evidence, and (4) create a written report memorializing the investigation. *Id.* at 6. Plaintiffs allege that "Security Investigators have no authority to deviate from this process without pre-approval from management." *Id.* Defendants require Security Investigators "to adhere to a number of policies and procedures which dictate how they conduct investigations and report them." *Id.* at 9.

---

[1] This Court's opinion granting conditional certification and court-authorized notice more fully discusses the job description of a Security Investigator. *See* Doc. No. 31 at 2-5.

Defendants focus on standardization involves manuals, revisions, and a one-week "academy" for further training. *Id.* at 10.

Plaintiffs maintain that the supervisors of the Security Investigators ensure that they follow protocol. They review final reports for quality and accuracy. *Id.* at 8. Supervisors also approve or reject reports and grade them on a scale of one through five. *Id.* Once the report is approved, it is sent to the claims adjuster who "also has the ability to reject a final report and order the Security Investigator to perform additional work." *Id.*

Defendants have classified all Security Investigators outside of California as exempt from overtime payments under the FLSA since at least 2001. *Id.* at 10. Defendants allegedly reviewed the position in either late 2004 or early 2005 and affirmed their classification decision. *Id.* at 11. Additionally, New York Security Investigators are classified as exempt employees and none receives overtime pay. *Id.* GEICO has not and does not maintain records of the hours worked by Security Investigators. *Id.*

Nine of the forty-nine Plaintiffs were employed in the state of New York. Doc. No. 63 at 2. They include Thomas Fitzgerald, who filed his consent to the FLSA collective action on January 11, 2011. *Id.* Six of the New York Plaintiffs, including Fitzgerald, amended the complaint effective June 1, 2011, to add claims under the New York state overtime law. *Id.* The New York Plaintiffs seek class certification pursuant to Rule 23 for Security Investigators employed in the state of New York for state law overtime claims on behalf of a class which would include seventy-seven present and former New York employees, in addition to the nine who have already opted-in to the FLSA claim. *Id.* The seventy-seven include seventy who were on the mailing list for the FLSA collective action but did not file consents. *Id.* It also includes seven

who were not employed during the period covered by the FLSA but would be covered by New York's longer statute of limitations. *Id.*

## II. Analysis

Plaintiffs move to certify a class of New York Security Investigators who worked in the State of New York between July 19, 2004 and the present pursuant to Rule 23. Plaintiffs maintain that they satisfy the numerosity, commonality, typicality, and adequacy of representation requirements. They contend that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is the superior method to deciding the claims.

Defendants raise two arguments in opposition. First they maintain that the consent requirement of FLSA § 216(b) bars certification of a state law class under Rule 23 in FLSA actions. Additionally, Defendants argue that Plaintiffs fail to satisfy the numerosity requirement of Rule 23(a), and that § 216(b) precludes a finding that a class action is superior to other means of resolving the dispute.

The Court will address Defendants' arguments regarding the compatibility of § 216(b) and Rule 23 before addressing Plaintiff's motion to certify pursuant to Rule 23.

### a. Rule 23 Classes Asserting Violations of State Law are not Inherently Incompatible With FLSA Claims

Defendants argue that Rule 23 classes are "inherently incompatible" with the FLSA and that the FLSA consent requirement bars certification of a Rule 23 class. Doc. No. 63 at 7. Defendants maintain that § 216(b) precludes a court from certifying a state class pursuant to Rule 23. Additionally, Defendants argue that this Court should not exercise supplemental jurisdiction over the Rule 23 claim.

Plaintiffs maintain that there is nothing in the law or facts of this case that prohibits the Court from certifying a class and collective action. Plaintiffs rely on a recent opinion of Chief Judge Chasanow, *Butler v. DisectSat USA, LLC*, 800 F. Supp. 2d 662 (D. Md. 2011), for the proposition that FLSA collective actions and Rule 23 class actions are not incompatible and that allowing such actions to proceed together does not violate the Rules Enabling Act. Although the Fourth Circuit has not addressed this issue, this Court finds Chief Judge Chasanow's opinion highly persuasive.

### i. Compatibility of Rule 23 and FLSA § 216(b)

Defendants argue that "[t]he use of Rule 23 classes in FLSA actions recreates exactly the type of [] exposure to claims by uninvolved employees that Congress sought to eliminate when it passed § 216(b)." Doc. No. 63 at 7. Defendants rely on *Ellis v. Edward Jones & Co.*, 527 F. Supp. 439 (W.D. Pa. 2007), and other cases that are drawn largely from the Third Circuit, to support their argument that Rule 23 and § 216(b) are incompatible.

Plaintiffs maintain that "[t]he overwhelming majority of courts hold that FLSA and Rule 23 classes may proceed together, without conflict." Doc. No. 64 at 2. They argue that district courts in every Circuit except for the Third and Tenth "have permitted Rule 23 state law class claims and collective claims under the FLSA to proceed together in one action." *Id*. at n.1 (collecting cases).

Collective actions are governed by § 216(b) of the FLSA which provides: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." "Plaintiffs may invoke § 216(b) to raise FLSA claims on behalf of similarly situated employees, but unnamed plaintiffs must affirmatively opt-in using a court approved form in order to join the case."

*Butler*, 800 F. Supp. 2d at 673.  "Congress added the opt-in requirement for collective actions under FLSA in the Portal-to-Portal Act of 1947, in part responding to excessive litigation spawned by plaintiffs lacking a personal interest in the outcome . . . and to free employers of the burdens of representative actions." *Id.*  In contrast, Federal Rule of Civil Procedure 23(b)(3) requires that class members must affirmatively opt-out of the litigation "in order to be excluded from the class and not bound by the court's decisions." *Id.*

Although district courts that have addressed this issue have reached different conclusions, the Second and Seventh Circuits have held that allowing class actions pursuant to Rule 23 and a § 216(b) claim to proceed together is consistent with the FLSA.  In *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971 (7th Cir. 2011), the Seventh Circuit allowed plaintiffs to combine a Rule 23 class action and a § 216(b) collective action.  After reviewing the history and amendments to the FLSA, the court held that "[n]othing in the text of the FLSA or the procedures established by the state suggests either that the FLSA was intended generally to oust other ordinary procedures used in federal courts or that class actions in particular could not be combined with a FLSA proceeding." *Id.* at 974; *see also Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 247-49 (2d Cir. 2011) (finding that the express language of the FLSA, the FLSA's saving clause, and the legislative history surrounding the FLSA's opt-in provision indicate that Rule 23 and § 216(b) are not in conflict").

In *Butler*, Chief Judge Chasanow found that "[t]he *Ervin* decision persuasively illustrates that a collective action under FLSA can be accompanied by a Rule 23 class action asserting state law based claims."  *Butler*, 800 F. Supp. 2d at 674.  Relying on *Ervin*, she rejected the defendants' contention that a plaintiff who has not opted in under FLSA gets to somehow unfairly benefit now under a Rule 23 action.  She noted that the "Seventh Circuit firmly rejected [any] argument

that there was a tension between permitting a plaintiff who ends up a part of the Rule 23 class by her own inaction and the idea that disinterested parties should not be allowed to take advantage of FLSA." *Butler*, 800 F. Supp. 2d at 674.  The Seventh Circuit explained that

> . . . such a plaintiff is doing no such thing. She will not be entitled to a single FLSA remedy, because she is not part of the FLSA litigating group. The most that one can say is that her state claim has found its way into federal court under the court's supplemental jurisdiction. But that is a complaint that could be brought in almost every claim that rests on section 1367 jurisdiction. In the case before us, the Rule 23(b)(3) class and the federal collective action are each comprised of a set of employees asserting injuries under either state or federal law. Should either or both groups prevail on the merits, each group member will receive only the relief that is prescribed under the law governing her part of the case. Some may be part of both the FLSA group and the Rule 23 class; some may be in one but not the other. We conclude that there is nothing in the FLSA that forecloses these possibilities.

*Ervin*, 632 F.3d at 977.

This Court has previously noted that "numerous decisions in this district court and other courts within the Fourth Circuit have determined that adjudication of FLSA claims and state wage and hour claims are appropriate and unobjectionable." *Carter v. MV Transp. Inc.*, Civil Action No. RWT-09-527 Doc. No. 49 at 3-4 (D. Md. February 14, 2012) (citing *Reed v. Code 3 Sec. & Prot. Servs., Ins.*, 2009 WL 5177283, at *3 (D. Md. Dec. 18, 2009); *McLaurin v. Prestage Foods, Inc.*, 2010 WL 4693662, at *7 (E.D.N.C. Nov. 10, 2010); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001); *Jimenez-Orozco v. Baker Roofing Co.*, 2007 WL 4568972, at *6 (E.D.N.C. Dec. 21, 2007)).  Indeed, there is considerable logic from a case management standpoint in allowing both actions to proceed in the same case.  To do otherwise would not only be inefficient, but also would increase the risk of inconsistent adjudications of claims based on identical facts and arising under parallel federal and state laws.

Thus, the Court concludes that there is no conflict in allowing FLSA and Rule 23 classes to proceed together.

### ii. Certifying a Rule 23 Class in an Existing FLSA Action Does not Violate the Rules Enabling Act

The Rules Enabling Act, 28 U.S.C. § 2072, mandates that the rules of practice or procedure "shall not abridge, enlarge, or modify any substantive right."

Defendants, relying on *Ellis*, argue that "[t]he [FLSA] consent requirement was intended to protect two substantive rights, 'the right of employers not to be sued in representative actions and the right of employees not to have their rights litigated without their knowledge and express consent.'" Doc. No. 63 at 11 (quoting *Ellis*, 527 F. Supp. 2d at 456). Defendants maintain that "since the statutory written consent provision is substantive, the contrary provisions of Fed. R. Civ. P. must yield to Congress's intent in amending the FLSA." *Id*. (citing *Ellis*, 527 F. Supp. 2d at 455).

Plaintiffs maintain that the opt-in clause of the FLSA is a procedural right, not a substantive one. Doc. No. 64 at 6. Plaintiffs also argue that the pending motion is to certify a Rule 23 class of individuals asserting rights under New York law, not the FLSA. As such, the Rule 23 class members will not benefit from the FLSA. *Id.*

"It makes little sense to classify the opt-out requirement in Fed. R. Civ. P. 23 as procedural but the opt-in requirement of FLSA as substantive." *Butler*, 800 F. Supp. 2d at 675. "[E]ven if the right to participate in a FLSA collective action were substantive, [Defendants] have not established that the right would be modified or abridged in any way by permitting a state law opt-out class to proceed simultaneously." *Id.*

Although the Fourth Circuit has not addressed this issue, Chief Judge Chasanow found *Espenscheid v. DirectSat USA,* 708 F. Supp. 2d 781 (W. D. Wis. 2010) to be instructive. The court in *Espenscheid* observed:

> The right conferred on an employee by the § 216(b) opt-in requirement is the right not to "be a party plaintiff to [an FLSA collective] action unless he gives his consent in writing to become such a party." 29 U.S.C. § 216(b). The certification of a Rule 23 class does not affect an employee's ability to opt in or not to an FLSA collective action. Thus, such certification does not "abridge, enlarge or modify" the rights conferred by the FLSA, whether those rights are substantive or procedural. *Damassia*, 250 F.R.D. at 164; *see also Guzman* [*v. VLM* ], 2008 WL 597186, at *10 [E.D.N.Y. Mar. 2, 2008] (rejecting argument that Rules Enabling Act precludes class action for state law wage claim); ( *Klein* [*v. Ryan Beck Holdings, Inc.*,] 2007 WL 2059828, at *6 [S.D.N.Y. July 20, 2007) ] (same). Similarly, the right conferred on an employer by the opt-in requirement is not the expansive right to be free of the burden of representative actions generally, but rather, the right to be free of the burden of representative actions specifically for violations of the FLSA. *Klein* [,] 2007 WL 2059828, at *6 ("The FLSA guarantees merely that all collective actions brought pursuant to it be affirmatively opted into. It does not guarantee that employers will never face traditional class actions pursuant to state employment law.") (emphasis in original). By its own terms, the FLSA opt-in requirement does not confer rights on employers of employees with respect to the manner of litigation of state law wage claims. Accordingly, the Rules Enabling Act presents no barrier to proceeding with both claims in this action.

*Butler*, 800 F. Supp. 2d at 675-76 (quoting *Espenscheid*, 708 F. Supp. 2d at 793) (bracketing and modifications in original).

Defendants overstate the "rights" conferred upon an employer by the FLSA. Although they argue that the consent requirement confers "the right of employers not to be sued in representative actions," Doc. No. 63 at 11, a majority of courts find that the "right" is not as expansive. Instead, the right conferred by the 1947 amendments to the FLSA is only "'the right to be free of the burden of representative actions *specifically for violations of the FLSA*.'" *Butler*, 800 F. Supp. 2d at 675-76 (emphasis added) (quoting *Espenscheid*, 708 F. Supp. 2d at

793); *see also Klein*, 2007 WL 2059828, at \*6 ("The FLSA guarantees merely that all collective actions brought pursuant to it be affirmatively opted into. It does not guarantee that employers will never face traditional class actions pursuant to state employment law."). Allowing a state based Rule 23 class to proceed in conjunction with a FLSA collective action does not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072. Therefore certifying a Rule 23 class in an existing FLSA action does not violate the Rules Enabling Act.

### iii. Supplemental Jurisdiction Over New York State Claims is Proper

Defendants also argue that the plain language of 28 U.S.C. § 1367 and the FLSA prevents this Court from exercising supplemental jurisdiction over the purported Rule 23 class members. Doc. No. 63 at 12. They maintain that the FLSA consent requirement applies to the entire action, not just the federal claims. Finally, they contend that two discretionary exceptions contained in § 1367 apply and the Court should decline to exercise supplemental jurisdiction.

Plaintiffs argue that this Court should exercise jurisdiction over the Rule 23 class claims because they share "a common nucleus of operative fact" with the claims raised under the FLSA. Doc. No. 64 at 7. They maintain that "Defendants do not dispute that the alleged violations of the New York law are predicated on the same facts that are the basis for Plaintiffs' FLSA claims." *Id.* Plaintiffs' argument is persuasive.

Under 28 U.S.C. § 1367, "except as provided in subsections (b) and (c) or as expressly provided otherwise in statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Additionally, it provides that a district court may decline to exercise supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State

law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

### a. The Statutory Mandatory Exception Does not Apply

Supplemental jurisdiction is appropriate when state law claims "derive from a common nucleus of operative facts." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Defendants' interpretation of the FLSA as "expressly provid[ing]" that an employee must opt-in to a § 216(b) claim and that a court cannot exercise supplemental jurisdiction over a state-based Rule 23 class action is incorrect. Although the Fourth Circuit has not addressed the issue, the Second, Seventh, Ninth, and District of Columbia Circuits "all have determined that supplemental jurisdiction is appropriate over state labor law class claims in an action where the court has federal question jurisdiction over FLSA claims in a collective action."[2] *Shahriar*, 659 F.3d at 248; *see also Ervin*, 632 F.3d at 979 (concluding "that the requirements of section 1367(a) are satisfied in cases like this one, where state-law labor claims are closely related to an FLSA collective action" and finding that a district court "must consider whether there is some other reason why it ought to decline to exercise supplemental jurisdiction over state-law claims"); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010), *abrogated on different grounds by Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. ___, 131 S. Ct. 2541 (2011) (affirming District Court's decision to exercise supplemental jurisdiction); *Lindsay v. GEICO*, 448 F.3d 416, 421 (D.C. Cir. 2006) ("[W]e think it is clear that

---

[2] The Third Circuit is the only circuit that has declined to exercise supplemental jurisdiction over a state labor law class claim in an action where the court exercised federal question jurisdiction over a FLSA claim. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003). The Third Circuit found that pursuant to § 1367(c)(1), the claims brought by the Rule 23 class involved novel issues of state law, which is not applicable here. The operative facts and applicable law are essentially the same in this case.

section 1367(a) authorizes a district court to exercise its supplemental jurisdiction in mandatory language.").

Defendants' argue that the word "action" contained in § 216(b) means that a state claim brought in conjunction with a FLSA claim is not a separate cause of action. Doc. No. 63 at 12. Defendants' reading of the statute is misplaced and not supported by case law. They cite *Prickett v. Dekalb Cnty.*, 349 F.3d 1294 (11th Cir. 2003) (per curiam) for support of their interpretation of the word "action" in § 216(b). The issue in *Prickett* involved whether individuals who had opted in to a FLSA collective action under the original complaint were still plaintiffs in the suit after the filing of an amended complaint that added an additional FLSA claim. *Id.* at 1295. The Eleventh Circuit held that the term "action" in § 216(b) indicated that an opt-in plaintiff did not need to file a new consent form when additional claims were added. *Id.* at 1297-98. The court did not address supplemental jurisdiction over a state law Rule 23 claim at issue here.

Pursuant to the mandatory provision of § 1367(a), the clear weight of authority allows a court to exercise supplemental jurisdiction over a Rule 23 claim where the Court has original jurisdiction based on a FLSA collective action.

### b. The Discretionary Exceptions do not Apply

Defendants also argue that this Court should use its discretion to decline to exercise supplemental jurisdiction for two reasons. First, pursuant to § 1367(c)(2), they argue that state law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" because "the New York class would outnumber the New York opt-ins 77 to 9. It would outnumber the total number of opt-ins 77 to 49." Doc. No. 63 at 13. Second,

Defendants maintain that pursuant to § 1367(c)(4), "exceptional circumstances" exist that compel the Court to decline jurisdiction. *Id.* at 13-14.

Plaintiffs contend that it is appropriate for this Court to exercise supplemental jurisdiction because the New York class claims "nearly replicate the FLSA claims" and the consent requirement of § 216(b) is not an "exceptional circumstance" sufficient to decline jurisdiction. Doc. No. 64 at 10.

Defendants' argument that the state law claims predominate over the FLSA claims is clearly wrong. The state and federal claims derive from a common nucleus of operative fact and under parallel federal and state laws. Namely, the Court will have to determine if Defendants correctly classified its Security Investigators as exempt from overtime wages. Additionally, exceptional circumstances do not exist such that this Court should decline to exercise jurisdiction over the New York claims. *See, e.g.*, *McCormick v. Festiva Dev. Corp.*, 2010 WL 582218, at *7 (D. Me. Feb. 11, 2010) ("[T]he 'compelling reasons' that may overcome supplemental jurisdiction under section 1367(c)(4) are carefully limited in type to those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity. The issue of congressional intent with respect to the FLSA is not an issue of judicial economy, convenience, fairness to the parties, or federal-state comity. As a result, it may not serve as a 'compelling reason' for declining supplemental jurisdiction. Second, the values of economy, convenience, fairness, and comity on balance favor retaining supplemental jurisdiction, rather than declining it.").

Finally, the FLSA's savings clause suggests that a federal court can exercise supplemental jurisdiction over cases of this nature. The savings clause allows states to enact laws that are more protective than those provided by the FLSA. 29 U.S.C. § 218(a) provides: "No provision

of this chapter . . . shall excuse noncompliance with any Federal or State law or municipal ordinance establishing [a higher minimum wage or a shorter maximum work week]." The Second and Seventh Circuit found that this clause allows a court to exercise supplemental jurisdiction over a Rule 23 class when it has jurisdiction over a FLSA opt-in case. *See, e.g.*, *Shahriar*, 659 F.3d at 248 ("We have held that this clause demonstrates Congress' intent to allow state wage laws to co-exist with the FLSA by permitting explicitly, for example, states to mandate greater overtime benefits than the FLSA"); *Ervin*, 632 F.3d at 977 ("We expect that it would normally be the case that a claim under such state regulations would be part of the same constitutional 'case' as the FLSA claim, and this that any such state claims would fall within the district court's supplemental jurisdiction."). This Court agrees with that analysis.

### b. Class Certification

Defendants argue that Plaintiffs fail the numerosity requirement of Rule 23(a) and that FLSA § 216(b) precludes a finding that a class action is superior to other means of resolving the dispute. In response, Plaintiffs maintain that they satisfy the requirements of Rule 23 and that the opt-in requirement of § 216(b) does not bar certification of a Rule 23 class.

A Court may certify a class if the moving party satisfies the requirements set forth in Rule 23 of the Federal Rule of Civil Procedure. Rule 23(a) provides that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." "The final three requirements of Rule 23(a) tend to merge with commonality and typicality serving as guideposts for determining whether the named plaintiff's

claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009) (quotation and internal bracketing omitted).

In addition to these factors, the class must satisfy one of the Rule 23(b) requirements. Rule 23(b)(3), relied on by Plaintiffs here, allows a class action to be maintained if Rule 23(a) is satisfied and if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; and (D) the likely difficulties in managing a class action." FED. R. CIV. P. 23(b)(3)(A-D).

### i. Plaintiffs Satisfy Rule 23(a)

The numerosity requirement mandates only difficulty or impracticability of joinder, not impossibility. *See Bullock v. Bd. of Educ.*, 210 F.R.D. 556, 558-59 (D. Md. 2002). "No specified number is needed to maintain a class action, rather practicality of joinder depends on several factors, including: (1) the size of the class, (2) ease of identifying and serving the members, (3) their geographical dispersion, and (4) whether individual claims are so small as to inhibit a class member from pursuing his own interest." *Cuthie v. Fleet Reserve Assoc.*, 743 F. Supp. 2d 486, 498 (D. Md. 2010) (citation omitted). "A class consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical." *Id.* (quotation omitted). Defendants admit that there seventy-seven putative class members, but they contend that the

number of class members is only seven because seventy of the seventy-seven class members received the FLSA collective action notice and chose not to join. *See* Doc. No. 63 at 8-9. Defendants, however, fail to cite authority that excludes individuals who were sent FLSA notice, but did not file a consent form, from the putative class for purposes of the Rule 23 numeroisty requirement.

"Commonality exists when the central facts and applicable law at issue are shared by all members of the proposed class. This requirement is not onerous." *Cuthie*, 743 F. Supp. 2d at 498-99 (quotation and internal bracketing omitted). A court need not find that "common questions of law or fact predominate, but only whether such questions exist." *Id.* at 499. "The requirement is not defeated by minor differences in the underlying facts of an individual case." *Id.* Here, the Amended Complaint alleges that all class members suffered the same injury because Defendants uniformly classified all Security Investigators as exempt from overtime provisions of state and federal law. Therefore, common questions of law and fact exist.

"The typicality requirement ensures that the claims of the class representative are sufficiently aligned with those of the other class members. Typicality is satisfied when the plaintiffs and the class have an interest in prevailing on similar legal claims." *Id.* Here, Plaintiffs' claims and class members' claims, as well as Defendants' administrative exemption defense, all arise from the same course of conduct: the decision to classify all Security Investigators as exempt from state and federal overtime payments. Additionally, one legal question is likely to predominate: whether the job duties performed by Plaintiffs satisfy the requirements of the administrative exemption.

Representation is adequate if "(1) the named plaintiffs' interests are not opposed to those of other class members, and (2) the plaintiffs' attorneys are qualified, experienced and able to

conduct the litigation." *Id.* "Absent contrary proof, class counsel is presumed competent and sufficiently experienced to prosecute the action on behalf of the class." *Id.* The presumption that class counsel is competent exists here. Additionally, named Plaintiffs' interests appear to be the same as the other class members.

Thus, Plaintiffs satisfy the requirements of Rule 23(a).

### ii. Plaintiffs Satisfy Rule 23(b) Predominance and Superiority Requirements

Defendants contend that § 216(b) precludes a finding that a class action is superior to other means of resolving the dispute. They argue that Plaintiffs should have to bring their state law claims in individual lawsuits. Doc. No. 63 at 9. In the alternative, Defendants maintain that instead of bringing individual lawsuits, Plaintiffs could participate in the § 216(b) action. Plaintiffs argue that "the ultimate question is whether the class action mechanism is superior to other methods, not whether other methods exist." Doc. No. 64 at 13. Here, the 23(b) factors weigh in Plaintiffs' favor.

"If liability issues are not subject to class-wide proof, but require individual and fact intensive determinations, common issues do not predominate." *Cuthie*, 743 F. Supp. 2d at 499. Here, Plaintiffs maintain that all class members suffered the same injury because Defendants uniformly classified all Security Investigators as exempt from overtime provisions of state and federal law. Additionally, all Security Investigators share similar responsibilities and share the same primary job tasks: investigating suspected fraudulent claims by interviewing witnesses, taking pictures, and writing reports to their supervisors regarding their findings.

All four factors of 23(b) weigh in Plaintiffs' favor, which demonstrates that a class action is superior to other methods of litigating this dispute. There appears to be no interest in class members controlling individual actions and there is no evidence of other pending litigation. *See*

FED. R. CIV. P. 23(b)(3)(A-B).  Additionally, Plaintiffs point out that it is desirable to keep the case in this Court because the Defendant is headquartered in Maryland, the attorneys are based here, and many of the corporate witnesses live and work here.  *See* Doc. No. 64 at 13; FED. R. CIV. P. 23(b)(3)(C).  Finally, there do not appear to be difficulties in managing the class action such that this Court should deny Plaintiffs' motion.  FED. R. CIV. P. 23(b)(3)(D).  Defendant suggests that confusion may result from "issuing notices of right to opt-in and opt-out in the same case and the undesirability of including employees who have declined to participate in the collective action."  Doc. No. 63 at 6.  The Court, however, is confident that it is able to handle any of these problems and that the need for judicial efficiency outweighs these concerns.

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion to certify will be granted.  A separate order follows.

<u>February 14, 2012</u>                                       <u>         /s/                         </u>
Date                                                          Roger W. Titus
                                                              United States District Judge